UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIDGET BREIDENBACH, | ) | Case No. 3:12-cv-1548-GPC-BLM |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **DEFENDANT PENNSYLVANIA** |
| v. | ) | **HIGHER EDUCATION** |
| | ) | **ASSISTANCE** |
| EXPERIAN et al., | ) | **AGENCY/AMERICAN** |
| | ) | **EDUCATION SERVICES'** |
| Defendants. | ) | **MOTION TO DISMISS** |
| | | |
| | | **(ECF NO. 30)** |

On July 3, 2012, Plaintiff filed a complaint, alleging various claims related to the collection of an alleged student loan debt. On August 17, 2012, Plaintiff filed her currently operative First Amended Complaint ("FAC"), asserting claims for (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), (2) violations of California's Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), (3) violations of the Fair Credit Reporting Act ("FCRA"), (4) violations of California's Consumer Credit Reporting Agencies Act ("CCRAA"), (5) violations of the Telephone Consumer Protection Act ("TCPA"), and (6) negligence per se. Since the filing of her FAC, several defendants have been or will soon be dismissed. Remaining are defendants Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("AES"); Weltman Weinberg & Reis Co., LPA ("WWR"); National

1   Enterprise Systems, Inc. ("NES"); and MRS BPO, LLC d/b/a MRS Associates
2   ("MRS").

3       Currently before the Court is AES's Motion to Dismiss, which has been fully
4   briefed. (ECF Nos. 30, 40, 45). The Court finds AES's Motion to Dismiss suitable for
5   disposition without oral argument. See CivLR 7.1.d.1. After considering the parties'
6   submissions, and for the reasons that follow, the Court hereby **GRANTS** AES's
7   Motion to Dismiss as to all of Plaintiff's claims against AES. Plaintiff is granted leave
8   to amend all claims except the FDCPA claim.

9                           **FACTUAL ALLEGATIONS**

10      Plaintiff alleges that, in March 2011, she discovered her credit history contained
11  a delinquency reported by AES in collections with WWR. Plaintiff alleges that, on
12  June 27, 2011, she sent letters to AES and WWR disputing the alleged debt and
13  demanding that the negative information be removed from her credit history. Plaintiff
14  alleges that, on June 28, 2011, Plaintiff spoke with a representative of AES who
15  confirmed Plaintiff's account with AES had a zero balance and that Plaintiff no longer
16  had any open or delinquent accounts with AES. Plaintiff alleges she provided
17  information to TransUnion, Experian, and Equifax disputing the alleged debt and that,
18  on July 5, 2011, Plaintiff confirmed all three credit reporting agencies had removed the
19  alleged debt from her credit history.

20      Plaintiff alleges that, in attempting to collect the alleged debt, WWR used false,
21  deceptive, and/or misleading representations and that WWR failed to respond to
22  Plaintiff's request for validation of the alleged debt.

23      Plaintiff alleges that, later that year, on December 12, 2011, Plaintiff received
24  a letter from NES stating it was also attempting to collect the same debt that WWR was
25  attempting to collect. Plaintiff alleges that, on January 5, 2012, she sent a letter to NES
26  disputing the alleged debt and explaining the ongoing dispute with AES and WWR.
27  Plaintiff alleges she sent a follow-up letter to NES on January 17, 2012, requesting
28  validation of the alleged debt.

Plaintiff alleges that, on February 11, 2012, Plaintiff discovered TransUnion was again reporting the alleged AES debt. Plaintiff alleges that, on February 13, 2012, she contacted all three credit reporting agencies by phone to again dispute the alleged debt.

Plaintiff alleges that, having received no response to her January 17, 2012 request for validation from NES, she sent another letter to NES requesting validation on February 17, 2012. Plaintiff alleges that, in response, she received a letter from NES stating NES had received the account information from National Colligate Trust, but that NES did not provide validation or proof of the debt.

Plaintiff alleges that, in its efforts to collect the alleged debt, NES made several calls to Plaintiff's cell phone using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's consent.

Plaintiff alleges she again disputed the alleged debt and that, on March 22, 2012, she received letters from TransUnion and Equifax confirming the alleged AES debt was again listed as a zero balance and all derogatory remarks related to the alleged debt were deleted from her TransUnion and Equifax reports. Plaintiff alleges that, on April 20, 2012, she received confirmation that the debt was also removed from her Experian report.

Plaintiff alleges that, just a few a days later, on March 26, 2012, Plaintiff received a letter from MRS stating it too was attempting to collect the same AES debt. Plaintiff alleges that, on April 2, 2012, she called MRS to dispute the debt and request validation. Plaintiff alleges the MRS representative refused to give his name and refused to provide validation, stating MRS did not own the loan but that MRS was collecting the debt on behalf of AES. Plaintiff alleges MRS made a number of calls to Plaintiff – at least one in which an MRS representative refused to identify himself and then called Plaintiff a profane name and several other calls using an automated dialer and/or an artificial or prerecorded voice without Plaintiff's consent.

Plaintiff alleges that, on June 7, 2012, she discovered the AES debt was again being reported on her credit reports, this time by MRS. This suit followed.

# DISCUSSION

## I.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal

conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

## II.    Analysis

### A.    FDCPA

AES argues Plaintiff's FDCPA claim against AES fails because AES is not a "debt collector" under the FDCPA and because AES cannot be held vicariously liable for the acts of WWR, NES, or MRS.

In opposition, Plaintiff does not address AES's argument that AES is not a "debt collector" under the FDCPA.  Instead, Plaintiff argues AES may be held vicariously liable for employing debt collectors to collect a debt that is not owed.  Plaintiff asserts that, under general agency principles, a creditor such as AES is liable for the actions of debt collectors like WWR, NES, and MRS if the creditor exercised control over the debt collector's activities.  Plaintiff argues she has sufficiently alleged that AES exercised such control.

In reply, AES asserts that Plaintiff "concedes that AES is not a 'debt collector' for FDCPA purposes." AES then argues that Plaintiff has failed properly allege a claim for vicarious liability because original creditors cannot be vicariously liable for a debt collector's violations of the FDCPA.  AES asserts that, even if that were not the case, Plaintiff has not alleged facts demonstrating that AES directed WWR, NES, or MRS to collect the alleged debt.  AES notes that none of Plaintiff's citations to her FAC actually support Plaintiff's claim that AES controlled the actions of WWR, NES, or MRS.

General principles of agency form the basis of vicarious liability under the FDCPA.  <u>See</u> <u>Clark v. Capital Credit & Collection Serv., Inc.</u>, 460 F.3d 1162, 1173 (9th Cir. 2006).  Thus, to be vicariously liable for another's violation of the FDCPA, the "principal" must exercise control over the conduct or activities of its "agent."  <u>Id.</u> Several circuit courts have held, however, that – because the FDCPA only imposes

liability on debt collectors – vicarious liability may only be imposed if both the principal and the agent are debt collector as defined by the FDCPA.  See Police v. Nat'l Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000) (concluding a company may be held vicariously liable for acts of agent because company and agent were debt collectors); see also Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996) (declining to impose vicarious liability on non-debt collectors); see also Fox v. Citicorp Credit Serv., Inc., 15 F.3d 1507 (9th Cir. 1994) (imposing vicarious liability on company for acts of its attorney where company was also a debt collector); see also Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006) ("Vicarious liability under the [FDCPA] has similarly been restricted to principals who themselves are statutory 'debt collectors.'").

Here, Plaintiff's FDCPA claim against AES rests on a theory of vicarious liability as it must given the rule that creditors are generally excluded from the definition of "debt collector" under the FDCPA.  See 15 U.S.C. § 1692a(6).  Plaintiff, however, does not allege that AES is itself a debt collector as required to impose vicarious liability; thus, Plaintiff's FDCPA claim against AES must be dismissed. Accordingly, because Plaintiff cannot allege that AES is a "debt collector," AES's motion to dismiss Plaintiff's FDCPA claim is **GRANTED WITHOUT LEAVE TO AMEND.**

## B.    Rosenthal Act

AES argues that, while certain sections of the Rosenthal Act apply to original creditors, Plaintiff has failed to plead facts sufficient to demonstrate AES attempted to collect any debt and that AES cannot be held vicariously liable for the acts of WWR, NES, or MRS.

In opposition, Plaintiff asserts she has alleged facts sufficient to demonstrate AES is directly liable under the Rosenthal Act for "repeatedly directing multiple debt collectors to collect on a debt AES knew was not owed."  Plaintiff further argues AES is vicariously liable for violations of the Rosenthal Act for the same reasons AES is

1 vicariously liable for violations of the FDCPA, i.e., for directing debt collectors to

2 collect on an amount not owed.

3      AES makes no argument in reply.

4      Unlike the FDCPA, the Rosenthal Act does not specifically exclude creditors

5 from the definition of a "debt collector."  See Cal. Civ. Code § 1788.2(c).  A creditor,

6 however, must still fall within the definition of a "debt collector," which the Rosenthal

7 Act defines as "any person who, in the ordinary course of business, regularly, on behalf

8 of himself or herself or others, engages in debt collection."  "Thus, unlike the FDCPA,

9 which creates a private right of action only against debt collectors, and not original

10 creditors (with limited exceptions), the [Rosenthal Act] creates a private right of action

11 against both debt collectors and original creditors."  Offril v. J.C. Penny Co., Inc., 2009

12 WL 69344, at *2 n.1 (N.D. Cal. Jan. 9, 2009).

13      Here, the Court finds Plaintiff has failed to sufficiently allege a Rosenthal Act

14 claim against AES.  As a preliminary matter, Plaintiff fails to identify which provision

15 of the Rosenthal Act AES allegedly violated.  Plaintiff pleads only that AES violated

16 sections 1788 through 1788.32 of the Rosenthal Act, which provisions comprise the

17 entire act.

18      Regardless of the specific provision, however, Plaintiff has failed to allege facts

19 sufficient to permit the Court to draw the reasonable inference that AES was actually

20 engaged in debt collection or that it even directed WWR, NES, or MRS to collect a

21 debt.  Plaintiff claims paragraphs 33, 34, and 48 of her FAC contain allegations

22 demonstrating that AES directed WWR, NES, and MRS to collect a debt not owed.

23 None of those paragraphs, however, contain any such allegations.  Thus, to the extent

24 Plaintiff relies on a theory of vicarious liability, Plaintiff has failed to sufficiently

25 allege that AES controlled the conduct or activities of WWR, NES, or MRS.

26 Moreover, even if Plaintiff did sufficiently allege that AES directed WWR, NES, and

27 MRS to collect a debt not owed, it does not necessarily follow that NES had sufficient

28 control over the conduct and activities of WWR, NES, and MRS to establish the

agency relationship required for vicarious liability.  Plaintiff may, however, have knowledge or information that would allow her to supplement her allegations to overcome these deficiencies.  Accordingly, AES's motion to dismiss Plaintiff's Rosenthal Act claim is **GRANTED WITH LEAVE TO AMEND**.

### C.   FCRA

AES argues Plaintiff's FCRA claim against AES fails because Plaintiff does not state which provision of the FCRA that AES allegedly violated.  AES further argues "the only FCRA provisions that could arguably apply to Plaintiff's allegations against AES are contained in 15 U.S.C. § 1681s-2," but that "no private right of action exists for violations of Section 1681s-2(a)."

In opposition, Plaintiff does not address AES's argument that no private right of action exists for violations of section 1681s-2.  Instead, Plaintiff argues she has sufficiently alleged a claim under section 1681s-2(b).  Plaintiff further argues AES is vicariously liable under the FCRA for the same reasons it is vicariously liable under the FDCPA and the Rosenthal Act.

In reply, AES asserts that Plaintiff "effectively concedes that there is no private right of action under FCRA section 1681s-2(a)."  AES further asserts that, while Plaintiff claims to have stated a claim under section 1681s-2(b), the language Plaintiff quotes comes from section 1681s-2(a).

AES correctly notes the language Plaintiff quotes comes from section 1681s-2(a) – not section 1681s-2(b) as Plaintiff asserts.  Section 1681s-2(a)(2)(B) states "A person who . . . has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination . . . and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."  Plaintiff quotes this section in her opposition brief.

Sections 1681n and 1681o create privates rights of action for violations of the FCRA.  Section 1681s-2(c) provides that sections 1681n and 1681o "do not apply to

1  any violation of . . . subsection (a) of this section, including any regulations issued

2  thereunder." In other words, there is no private right of action for violations of section

3  1681s-2(a). Instead, as provided in section 1681s-2(d), enforcement of section 1681s-

4  2(a) is left to federal and state officials. <u>See</u> <u>Gorman v. Wolpoff & Abramson, LLP</u>,

5  584 F.3d 1147, 1154 (9th Cir. 2009).  Private rights of action may, however, be

6  maintained under section 1681s-2(b). <u>Gorman</u>, 584 F.3d at 1154.

7        Here, Plaintiff's FCRA claim against AES fails for three reasons. First, Plaintiff

8  quotes and therefore relies on section 1681s-2(a), which may only be enforced by

9  federal and state officials.

10       Second, assuming Plaintiff is asserting a claim under section 1681s-2(b),

11  Plaintiff fails to sufficiently allege a claim under that section. Plaintiff's FCRA claim

12  rests on her allegation that AES "repeatedly re-reported" the alleged debt. Section

13  1681s-2(b), however, only requires a "furnisher of information" to investigate any

14  disputes and correct any inaccuracies. It does not contain the same language of section

15  1681s-2(a) prohibiting a person from re-reporting inaccurate or incomplete

16  information.   Plaintiff alleges AES investigated and removed the inaccurate

17  information, (ECF No. 4, FAC ¶ 24), which is what section 1681s-2(b) requires. Thus,

18  Plaintiff may not now amend her complaint to state a claim for direct liability against

19  AES for violation of section 1681s-2(a) without contradicting her current position.

20       Lastly, to the extent Plaintiff's FCRA claim against AES rests on a theory of

21  vicarious liability, Plaintiff has failed to sufficiently allege the required agency

22  relationship as discussed above.   Plaintiff may, however, have knowledge or

23  information that would allow her to supplement her allegations to overcome this

24  deficiency.   Accordingly, AES's motion to dismiss Plaintiff's FCRA claim is

25  **GRANTED WITH LEAVE TO AMEND**.

26       **D.    CCRAA**

27       AES argues Plaintiff has failed to state facts sufficient to state a claim under the

28  CCRAA. AES argues Plaintiff has failed to allege any facts demonstrating AES knew

or should have known that any information it reported to the credit reporting agencies was incomplete or inaccurate.  AES asserts that the "only allegations that address AES's reporting of credit information to credit bureaus concede that the information was deleted as soon as Plaintiff disputed it."

In opposition, Plaintiff argues she has alleged facts sufficient to demonstrate that AES knew or should have known it was reporting incomplete and/or inaccurate information.  Plaintiff further argues AES is vicariously liable under the CCRAA for the same reason AES is liable under the FDCPA, Rosenthal Act, and FCRA.

In reply, AES reiterates that Plaintiff has pled no facts  demonstrating that AES knew or should have known that any information it reported was incomplete or inaccurate.  AES further argues that Plaintiff has failed to allege any facts to support a theory of vicarious liability.

The CCRAA provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).

The Court agrees with AES that Plaintiff has failed to sufficiently allege that AES knew or should have known that any information it reported was incomplete and/or inaccurate.  To the contrary, as noted above, Plaintiff alleges that AES took steps to remove the inaccurate information from Plaintiff's credit reports once Plaintiff notified AES of its existence.  Thus, Plaintiff has failed to state a claim against AES for direct liability under the CCRAA and, as discussed above, has failed to sufficiently allege facts in support of her theory of vicarious liability.  Plaintiff may, however, have knowledge or information that would allow her to supplement her allegations to overcome these deficiencies.  Accordingly, AES's motion to dismiss Plaintiff's CCRAA claim is **GRANTED WITH LEAVE TO AMEND**.

**E.  TCPA**

AES argues Plaintiff's claims against AES for willful and negligent violation of

the TCPA should be dismissed because Plaintiff alleges no facts demonstrating AES engaged in any conduct that would violate that TCPA or that AES should be vicariously liable for any such violations.

In opposition, Plaintiff asserts AES may be held vicariously liable for violations of the TCPA and that Plaintiff has alleged facts sufficient to demonstrate AES should be held vicariously liable for such violations.

In reply, AES argues Plaintiff has failed to allege any facts to support a theory of vicarious liability.

While Plaintiff may proceed on a theory of vicarious liability with regard to her TCPA claims, see In re Jiffy Lube Int'l, Inc. v. Text Spam Litig., 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012), Plaintiff has – as set forth above – failed to sufficiently allege that AES is vicariously liable for the acts of WWR, NES, or MRS. Plaintiff may, however, have knowledge or information that would allow her to supplement her allegations to overcome this deficiency. Accordingly, AES's motion to dismiss Plaintiff's TCPA claims is **GRANTED WITH LEAVE TO AMEND**.

## F.   Negligence Per Se

AES argues Plaintiff's negligence per se claim fails because "negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence." AES argues that, assuming Plaintiff's cause of action is for common law negligence, the FCRA would bar the cause of action. AES asserts that section 1681h(e) of the FCRA bars common law negligence actions unless a plaintiff "demonstrates that information was 'furnished with malice or willful intent to injure' the plaintiff,"and that Plaintiff has failed to allege facts sufficient to demonstrate such intent.

In opposition, Plaintiff asserts her claim for "negligence per se" is a common law claim for negligence with negligence per se as its basis. Plaintiff, however, does not address AES's argument that the FCRA bars such a claim. Instead, Plaintiff asserts she has sufficiently alleged a negligence claim.

In reply, AES notes that Plaintiff failed to address the FCRA bar to negligence claims.  AES reiterates that Plaintiff has failed to allege facts demonstrating it acted with the intent required to overcome the FCRA bar.

Section 1681h(e) of the FRCA provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  Section 1681t(b)(1)(F) provides that "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."

Considering sections 1681h and 1681t together, this Court agrees with the district courts which have held that, to the extent a plaintiff's state law claims implicate the responsibilities of persons who furnish information to consumer reporting agencies, such claims are preempted by section 1681t(b)(1)(F) – regardless of whether the plaintiff pleads malice or willful intent to injure.  See Miller v. Bank of America, Nat'l Ass'n, 858 F. Supp. 2d 1118, 1125-27 (S.D. Cal. 2012); El-Aheidab v. Citibank (South Dakota), N.A., 2012 WL 506473 (N.D. Cal. Feb. 15, 2012).  Thus, Plaintiff's negligence claim must be dismissed with prejudice to the extent Plaintiff asserts AES negligently reported negative credit information.

Plaintiff also alleges AES was negligent in failing to refrain from unlawful debt collection as required by the FDCPA and the Rosenthal Act and in failing to refrain from making calls to Plaintiff's cell phone using an auto-dialer without Plaintiff's consent as required by the TCPA.  As set forth above, however, Plaintiff has failed to adequately allege that AES was engaged in debt collection or that AES should be

vicariously liable for the acts of WWR, NES, or MRS.  Plaintiff may, however, have knowledge or information that would allow her to supplement her allegations to overcome this deficiency.  Accordingly, AES's motion to dismiss Plaintiff's negligence claim is **GRANTED WITH LEAVE TO AMEND**.

<u>**CONCLUSION**</u>

After considering the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.   AES's Motion to Dismiss is **GRANTED**;

2.   All of Plaintiff's claims against AES are **DISMISSED**;

3.   Plaintiff is **GRANTED LEAVE TO AMEND** all claims except her FDCPA claim and may therefore file an amended complaint on or before **March 29, 2013**.

DATED:  March 13, 2013

HON. GONZALO P. CURIEL
United States District Judge

13