UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIDGET BREIDENBACH, | ) | Case No. 3:12-cv-1548-GPC-BLM |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES** |
| v. | ) | |
| | ) | |
| EXPERIAN et al., | ) | **(ECF NO. 53)** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

Before the Court in this Fair Debt Collection Practices Act case is Plaintiff's motion for a determination of reasonable attorney fees following her acceptance of defendant MRS BPO, LLC's offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. (ECF No. 53.)  Given Plaintiff and MRS's agreement that Plaintiff is entitled to attorney fees pursuant to the accepted offer of judgment, the only issue to be determined is the reasonable amount of attorney fees Plaintiff is to be awarded.

Plaintiff's motion has been fully briefed. (ECF Nos. 57, 59.)  The Court finds Plaintiff's motion suitable for disposition without oral argument. *See* CivLR 7.1.d.1. Having considered the parties' submissions and applicable law, and for the reasons that

follow, the Court will **GRANT IN PART** Plaintiff's motion and award Plaintiff $5,079.00 in reasonable attorney fees.

## BACKGROUND

On July 3, 2012, Plaintiff filed a complaint, alleging various claims related to the collection of an alleged student loan debt. (ECF No. 1.) On August 17, 2012, Plaintiff filed her currently operative First Amended Complaint ("FAC"), asserting claims for (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), (2) violations of California's Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), (3) violations of the Fair Credit Reporting Act ("FCRA"), (4) violations of California's Consumer Credit Reporting Agencies Act ("CCRAA"), (5) violations of the Telephone Consumer Protection Act ("TCPA"), and (6) negligence per se. (ECF No. 4.) Plaintiff asserted all six causes of action against MRS.

On October 12, 2012, MRS filed an answer to Plaintiff's FAC. (ECF No. 23.) On December 3, 2012, MRS served an offer of judgment on Plaintiff, which Plaintiff did not accept within the time allotted by Rule 68. Thereafter, on or about January 5, 2013, MRS served its discovery requests on Plaintiff. In response, Plaintiff accepted the offer of judgment. After MRS either reissued the offer or waived any objection to Plaintiff's untimely acceptance, Plaintiff accepted the offer of judgment.

MRS offered Plaintiff "statutory and actual damages in the total amount of $1,001.00 (one thousand and one dollars) in connection with all claims asserted in Plaintiff's operative Complaint." (ECF No. 47 at 4.)

With regard to attorney fees, the offer provides:

> The Judgment entered shall also include an amount for reasonable costs and attorney's fees **accrued through December 3, 2012**, the date of Defendant's Initial Offer of Judgment. Reasonable costs and attorney fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application by Plaintiff subject to the limitation that costs and attorney fees are cut off as of the date of Defendant's initial Offer of Judgment, December 3, 2012.

(*Id.* (emphasis in original).)

After Plaintiff filed her notice of acceptance of MRS's Rule 68 offer, Magistrate

Judge Major noted the parties still needed to agree on "reasonable costs and attorney fees," and thus instructed the parties "to file a notice stating that the parties have agreed on reasonable costs and attorney's fees or a motion requesting such costs and fees on or before **February 1, 2013**." (ECF No. 48 at 1 (emphasis in original).)  The parties were ultimately unable to agree on reasonable attorney fees, and thus Plaintiff untimely filed the instant motion on February 4, 2013.

Plaintiff seeks a total of $18,257 for seventy hours of work done by three attorneys: Michael L. Crowley, Andre L. Verdun, and Eric A. LaGuardia.  The $18,257 figure represents a 40% discount on the total fees incurred by Verdun and LaGuardia.  Thus, broken down, Plaintiff seeks the following fees:

|  | Hours | Fee/Hour | Discount | Total Request |
|---|---|---|---|---|
| Crowley | 2 | $550 | 0% | $1,100 |
| Verdun | 33 | $350 | 40% | $7,437 |
| LaGuardia | 35 | $300 | 40% | $9,720 |
|  |  |  |  | **$18,257** |

## DISCUSSION

### I.    Legal Standard

"[A]ny debt collector who fails to comply with" the FDCPA is, "in the case of any successful action," liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  The appropriate fee is determined by multiplying the number of hours reasonably worked on the litigation by a reasonably hourly rate, arriving at a "lodestar."  *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).

After determining the lodestar figure, courts should determine whether the figure should be adjusted according to the *Kerr* factors. *McGrath*, 67 F.3d at 252.  The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the

customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

**II.     Analysis**

     **A.     Reasonable Hours**

Plaintiff's attorneys assert they "used sound discretion in eliminating duplicative and unproductive time and costs." They assert their billing records "show a good use of discretion in billing appropriate amounts back to these Defendants [*sic*] for their work necessary for establishing Defendants' [*sic*] FDCPA/TILA liability to the Plaintiff." They assert that Verdun's and LaGuardia's discounting of their invoices by 40% further supports the conclusion that the number of hours they worked was reasonable. They further estimate that they did not bill another four hours of time for "all the meetings between counsel that took place to stay current with the status of the case, discuss strategy, seek advice or opinion, and analyze facts and other discussions between counsels [*sic*] on a weekly basis to ensure proper representation."

In response, MRS asserts this case "was a simple one, especially as to MRS." MRS asserts "[t]he case was resolved, as to MRS, before any discovery had taken place, and no initial scheduling conference was held." MRS thus argues the seventy hours of time that Plaintiff's counsel say they spent on this case as it relates to MRS is "an extraordinary amount of work for a matter that was resolved without motion practice, court conferences, or discovery."

More specifically, MRS argues Plaintiff's counsel should not charge for pre-complaint factual investigation of Plaintiff's claims given that Plaintiff's claims against MRS were "very straightforward."

MRS further argues that, according to the terms of the offer of judgment,

1  Plaintiff is precluded from seeking attorney fees following the December 3, 2012 fee
2  cutoff date, which includes attorney fees for bringing the instant fee motion.

3       MRS also argues that tasks relating to all Defendants in this action should be
4  split so that MRS does not have to unfairly bear the burden of fees that Defendants
5  would otherwise be required to split if found liable.  MRS asserts the following tasks
6  relate to all Defendants and should therefore be split: (1) drafting Rule 26(f) Report;
7  (2) discussing case status with client; (3) researching agents for service of process for
8  all Defendants; (4) drafting Complaint and FAC; (5) initial consultation with Plaintiff.

9       MRS also asserts Plaintiff's counsel have billed for duplicative tasks, including:
10  (1) initial consultation with client and (2) reviewing and filing a stipulation on behalf
11  of MRS that was never filed.

12       MRS further contends Plaintiff's counsel should not receive fees for
13  administrative work because clerical tasks are typically considered overhead expenses
14  reflected in an attorney's hourly billing rate.  MRS notes Verdun billed time for (1)
15  obtaining, scanning, Bates-stamping, and copying documents and (2) scheduling a
16  conference with his client.  MRS notes LaGuardia billed time for (1) scheduling a
17  conference with his client; (2) locating Defendants' agents for service of process; and
18  (3) e-filing the Civil Cover Sheet; and (4) printing, scanning, and mailing Plaintiff's
19  initial disclosures.

20       The Court first addresses the question of whether the accepted offer of judgment
21  precludes Plaintiff from seeking fees incurred in bringing the instant motion.  The
22  Court finds the plain language of the offer of judgment to be conclusive.  The Court
23  will not, therefore, look to the intent of the parties as Plaintiff would have the Court do.
24  The offer expressly states that if the parties are unable to agree on a reasonable amount
25  of attorney fees, the amount is "to be determined by the Court on application by
26  Plaintiff ***subject to the limitation*** that costs and attorney fees are cut off as of the date
27  of Defendant's initial Offer of Judgment, December 3, 2012." (Emphasis added.) The
28  Court reads this language as precluding recovery of any attorney fees incurred after

December 3, 2012.  Plaintiff offers no authority that would require a different result. The Court will thus exclude 12.7 hours from Verdun's total hours worked after December 3, 2012.  (*See* ECF No. 53-8 at 2-3.)

The Court agrees with Plaintiff that pre-complaint factual and legal research was reasonably undertaken in preparation of Plaintiff's case.  Thus, the Court will not reduce the number of hours spent on pre-complaint research.

The Court agrees with MRS that various tasks relating to all Defendants should be split so MRS is not required to unfairly bear the burden of fees that otherwise would have been shared by multiple defendants.  Having reviewed the invoices submitted by Plaintiff's counsel, the Court finds several tasks should be split to reflect a reasonable number of hours worked on Plaintiff's case against MRS.

The Court finds 9.1 of Verdun's total hours should be divided among all seven defendants, resulting in an allotment of 1.3 hours for work done as to MRS, and thus resulting in a further reduction of 7.8 hours from Verdun's total hours worked.  The Court finds 3.9 of Verdun's total hours should be divided among the four debt collector defendants, resulting in an allotment of 1.0 hour for work done as to MRS, and thus resulting in a further reduction of 2.9 hours from Verdun's total hours worked.

The Court also finds 32.8 of LaGuardia's total hours should be divided among all seven defendants, resulting in an allotment of 4.7 hours for work done as to MRS, and thus resulting in a reduction of 28.1 hours from LaGuardia's total hours worked.

The Court similarly finds Crowley's 2.0 hours should be divided among all seven defendants, resulting in an allotment of 0.3 hours for work done as to MRS, and thus resulting in a reduction of 1.7 hours from Crowley's total hours worked.

The Court disagrees with MRS that administrative and clerical tasks should be excluded from Plaintiff's request for attorney fees; though, the Court finds such tasks should be billed at reduced rates.  Still, the Court find such tasks to be so minimal here as to not require a further reduction of hours worked.

In sum, the Court finds the following number of hours were reasonably occurred

in connection with Plaintiff's case against MRS:

|  | Billed Hours | Reasonable Hours as to MRS |
|---|---|---|
| Crowley | 2.0 | 0.3 |
| Verdun | 33.0 | 9.6 |
| LaGuardia | 35.0 | 6.9 |

## B.    Reasonable Rates

Crowley seeks an hourly rate of $550 based on his approximately twenty-five years of practice experience, his role as a legal educator, and his familiarity with the federal bar in this district.

Verdun seeks an hourly rate of $335 based on his approximately three-and-a-half years of practice experience, his attendance of a twenty-five-hour FDCPA seminar, and his having litigated three dozen FDCPA cases to completion.

LaGuardia seeks an hourly rate of $300 based on his approximately two-and-a-half years of practice experience, his interning at an FDCPA firm in law school, his experience as co-counsel in numerous FDCPA matters, and his attendance of a twenty-five hour FDCPA seminar.

Plaintiff's counsel provide a fee survey report conducted by a leading consumer law attorney, Ronald L. Burdge, entitled "United States Consumer Law Attorney Fee Survey Report" (2010-11). The survey indicates the average hourly rates for California consumer law attorneys with 1-3 years of experience is $237; 3-5 years of experience, $347; 26-30 years of experience, $525. Plaintiff's counsel assert they are entitled to a higher rate than those listed in the survey report because of their expertise in FDCPA matters. Plaintiff's counsel also provide the declarations of local attorneys Michael Marrinan and J. Michael Vallee who agree the requested rates are reasonable. Plaintiff's counsel further provide a September 24, 2012 order by District Judge Benitez in which Crowley's hourly rate of $450 and Verdun's hourly rate of $300 were approved as reasonable.

Citing cases from the Central District of California, MRS argues the requested

rates are excessive and should be adjusted downward.

As an initial matter, the Court finds the Central District of California cases cited by MRS do not necessarily reflect reasonable rates of consumer law attorneys in the Southern District of California. Though, considering the experience of Plaintiff's counsel, the declarations of attorneys Marrinan and Vallee, the fee survey report provided by Plaintiff, and Judge Benitez's September 24, 2012 order, the Court finds the requested rates should be adjusted downward, though not to the extent suggested by MRS. The Court finds a reasonable hourly rate for Crowley's work is $525.[1] The Court finds a reasonable hourly rate for Verdun's work is $315. The Court finds a reasonable hourly rate for LaGuardia's work is $275.

**C.    Lodestar**

Based on the foregoing, the Court calculates the lodestar figure as follows:

|  | Reasonable Hours | Reasonable Rate | Lodestar |
|---|---|---|---|
| Crowley | 0.3 | $525 | $157.50 |
| Verdun | 9.6 | $315 | $3,024.00 |
| LaGuardia | 6.9 | $275 | $1,897.50 |

Having considered the *Kerr* factors, the Court finds a further reduction of these amounts unnecessary. The Court thus finds the total amount of reasonable attorney fees that Plaintiff incurred in connection with her case against MRS to be $5,079.00.

**<u>CONCLUSION</u>**

After a careful review of the parties' submissions and applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's motion for attorney fees is **GRANTED IN PART**;

2.    Plaintiff is awarded reasonable attorney fees in the amount of $5,079.00; and

/ / /

---

[1] The Court notes its decision to reduce Crowley's requested rate is due in part to his failure to explain why the submitted invoices show his time billed at $525 per hour. (*See* ECF No. 53-8 at 2.)

8

3.    The hearing on Plaintiff's motion for attorney fees, currently set for June 14, 2013, is **VACATED**.

DATED:  June 11, 2013

HON. GONZALO P. CURIEL
United States District Judge